UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY MACK PLAZA CO. L.P., a California Limited Partnership; C & K VALLEY MACK, LLC, a Delaware Limited Liability Company; STARBUCKS CORPORATION, a Washington Corporation; IT'S EID INC., a California Corporation; KING'S WIGS & BEAUTY SUPPLY, INC., a California Corporation; ROSS DRESS FOR LESS, INC., a Virginia Corporation; AUTOZONE WEST LLC, a Nevada Limited Liability Company; NEW YORK RAINBOW USA INC.; DW VISION CORP., a California Corporation; BYS SUPPLIES, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | No. 2:17-cv-01125-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Defendant Starbucks Corporation's ("Starbucks") Motion to Stay. (ECF No. 53.) Plaintiff Scott Johnson ("Plaintiff") filed an opposition, (ECF No. 56), to which Starbucks filed a reply, (ECF No. 57). For the reasons set forth below, Starbucks's motion is DENIED.

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2017, Plaintiff filed a complaint in this Court alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (ECF No. 1.) Plaintiff named Starbucks and nine others as defendants. (ECF No. 1.) On August 2, 2017, Defendant Starbucks filed its answer to Plaintiff's complaint. (ECF No. 27.)

On April 23, 2018, Defendant Starbucks filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this action, along with twenty similar actions, to a single district for coordination of pretrial procedures pursuant to U.S.C. § 1407. (ECF No. 53 at 2; ECF No. 53-1 at 3.) On April 27, 2018, Starbucks filed the instant motion to stay all proceedings in this action pending a ruling by the JPML in MDL No. 2849 on the motion to transfer. (ECF No. 53 at 2.)

On August 1, 2018, the JPML in MDL No. 2849 issued its ruling and denied Starbucks's motion to transfer. *In re Starbucks Corp. Access for Individuals with Disabilities Litig.*, 326 F. Supp. 3d 1370 (J.P.M.L. 2018).[1]

## II. STANDARD OF LAW

Under the Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, "[t]he pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Therefore, "[a]lthough a case is not automatically stayed upon the filing of a motion for transfer and coordination before the JPML, a district court has discretion to stay the case through exercise of its inherent power." *Johnson v. Sebanc*, No. 18-CV-00585-DMR, 2018 WL 3159699, at *1 (N.D. Cal. June 28, 2018) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). "The power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the

---

[1] "Federal Rule of Evidence 201 permits [a court] to take notice of any 'adjudicative' fact 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004). Further, a court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1). Moreover, a court may take judicial notice of the existence of another court's opinion. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Accordingly, the Court takes judicial notice of the existence of the JPML opinion in MDL No. 2849, *In re Starbucks Corp.*, 326 F. Supp. 3d at 1370.

cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1149–50 (E.D. Cal. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

"In evaluating whether to stay proceedings, the court is concerned with balancing competing interests and should consider: '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.'" *Id.* (quoting *Woodcox v. Volkswagen Grp. of Am., Inc.*, No. 2:17-CV-00215-WBS-DB, 2017 WL 915352, at *4 (E.D. Cal. Mar. 7, 2017).

### III. ANALYSIS

In this case Starbucks's sole reason for seeking a stay was to await a ruling in the then-pending motion before the JPML in MDL No. 2849. (ECF No. 53 at 2.) As stated above, the JPML in MDL No. 2849 issued its ruling and denied the motion on August 1, 2018. *In re Starbucks Corp.*, 326 F. Supp. 3d at 1370. Therefore, the only reason for the stay has since ceased. Accordingly, Starbucks's motion to stay is moot.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Starbucks's Motion to Stay. (ECF No. 53.)

IT IS SO ORDERED.

Dated: April 7, 2019

Troy L. Nunley
United States District Judge